UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CESAR EDUARDO PULLAS,
ALFREDO ENRIQUE BONNET MUNOZ,
FRANCISCO JAVIER BONNET MUNOZ,
BARTOLOME EUMIR RUGGIERO,
MOISES MORENO PEREZ,

        Plaintiffs,
v.

CRYSTAL CLEAR COMMUNICATIONS
INC., STEPHEN MCKENZIE,
KATHERINE CHUKES,

        Defendants.
_____/

# COMPLAINT
*{Jury Trial Demanded}*

    Plaintiffs, CESAR EDUARDO PULLAS, ALFREDO ENRIQUE BONNET MUNOZ, FRANCISCO JAVIER BONNET MUNOZ, BARTOLOME EUMIR RUGGIERO, and MOISES MORENO PEREZ bring this action against Defendants, CRYSTAL CLEAR COMMUNICATIONS INC., STEPHEN MCKENZIE, and KATHERINE CHUKES pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and allege as follows:

1.    Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.    At all times material hereto, Plaintiffs CESAR EDUARDO PULLAS, ALFREDO ENRIQUE BONNET MUNOZ, FRANCISCO JAVIER BONNET MUNOZ, BARTOLOME EUMIR RUGGIERO, and MOISES MORENO PEREZ, were residents of the State of Florida and "employees" of Defendants as defined by the FLSA.

1

3. At all times material hereto, Plaintiffs engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA including but not limited to interstate telephone and email communication with Defendants in North Carolina and Plaintiffs' work on the instrumentalities of commerce.

4. At all times material hereto, Defendant, CRYSTAL CLEAR COMMUNICATIONS INC., was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of telecommunications infrastructure including customer installations and service calls for DirectTV, at all times material hereto was the "employer" of Plaintiffs as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. Defendant, STEPHEN MCKENZIE, is a resident of Wake County, North Carolina and was, and now is, a manager of Defendant, CRYSTAL CLEAR COMMUNICATIONS INC., controlled Plaintiffs' duties, hours worked, and compensation, and managed the day-to-day operations of CRYSTAL CLEAR COMMUNICATIONS INC.. Accordingly, STEPHEN MCKENZIE was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

6. Defendant, KATHERINE CHUKES, is a resident of Wake County, North Carolina and was, and now is, a manager of Defendant, CRYSTAL CLEAR COMMUNICATIONS INC., controlled Plaintiffs' duties, hours worked, and compensation, and managed the day-to-day operations of CRYSTAL CLEAR COMMUNICATIONS INC.. Accordingly, KATHERINE CHUKES was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

7. Two or more of Defendants' employees handled tools, supplies, and equipment manfuactured outside Florida in furthernace of their business including but not limited to phones, computers, computer monitors, computer keyboards, computer mice, pens, and paper.

8. Plaintiff CESAR EDUARDO PULLAS worked for Defendants as a technician lead.

9. Plaintiff ALFREDO ENRIQUE BONNET MUNOZ worked for Defendants as a technician.

10. Plaintiff FRANCISCO JAVIER BONNET MUNOZ worked for Defendants as a technician.

11. Plaintiff BARTOLOME EUMIR RUGGIERO worked for Defendants as a technician.

12. Plaintiff MOISES MORENO PEREZ worked for Defendants as a technician.

13. Defendants failed to pay Plaintiffs' full and proper overtime wages of 1.5 times Plaintiffs' equivalent regular hourly rates for hours worked over 40 each week.

14. Defendants failed to pay Plaintiffs their full and proper minimum wages.

15. Attached as Exhibit A, Exhibit B, Exhibit C, Exhibit D, and Exhibit E are preliminary calculations of Plaintiffs' claims. These amounts may change as Plaintiffs engage in the discovery process.

16. Defendants have knowingly and willfully refused to pay Plaintiffs' legally-entitled wages.

17. Plaintiffs have complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

18. Plaintiffs have retained the services of the undersigned and are obligated to pay for the legal services provided.

## COUNT I
## <u>VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")</u>
## <u>ALL DEFENDANTS</u>

19. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1-18 above as if set forth herein in full.

20. Plaintiffs allege this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiffs are entitled to: (i) unpaid minimum wages; (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

21. Plaintiffs seek recovery of damages as referenced above and further seek interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

           Respectfully submitted,

           Koz Law, P.A.
           320 S.E. 9th Street
           Fort Lauderdale, Florida 33316
           Phone: (786) 924-9929
           Fax: (786) 358-6071
           Email: ekoz@kozlawfirm.com

           */s/ Elliot A. Kozolchyk*
           _____
           Elliot Kozolchyk, Esq.
           Bar No.: 74791