UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-cv-61718-MGC

CESAR EDUARDO PULLAS,
ALFREDO ENRIQUE BONNET MUNOZ,
FRANCISCO JAVIER BONNET MUNOZ,
BARTOLOME EUMIR RUGGIERO,
MOISES MORENO PEREZ,

        Plaintiffs,

vs.

CRYSTAL CLEAR COMMUNICATIONS INC.,
STEPHEN MCKENZIE,
KATHERINE CHUKES,

        Defendants,

_____/

## DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY JUDICIAL PROCEEDINGS AND, IF ARBITRATION IS DENIED, FOR ENLARGEMENT OF TIME TO RESPOND TO COMPLAINT

The Defendants, Crystal Clear Communications Inc. ("Crystal Communications"), Stephen McKenzie and Katherine Chukes, respectfully move this Court, pursuant to the Federal Arbitration Act, 9 U.S.C. §1-16 ("FAA"), to stay the current judicial proceedings and to compel the Plaintiffs, Cesar Eduardo Pullas, Alfredo Enrique Bonnet Munoz, Francisco Javier Bonnet Munoz, Bartolome Eumir Ruggiero and Moises Moreno Perez ("Plaintiffs"), to arbitrate their claims against

1

Defendants.

In the unlikely event that the Court denies this Motion to Compel Arbitration and Stay Judicial Proceedings, then Defendants respectfully request that the due date for their response to the Complaint be extended to 10 days after the date of such denial by the Court, and that any other Court deadlines be extended for the same period of time.  As grounds for their Motion, Defendants state as follows:

**FACTS**

Between January 25, 2019 and March 11, 2019 the Plaintiffs signed identical individual Dispute Resolution Agreements with Crystal Clear Communications in which the Plaintiffs agreed to arbitrate a variety of claims "which employee/subcontractor may attempt to bring" (including claims brought under the Fair Labor Standards Act0 in accordance with the provisions of the FAA using the National Rules for the Resolution of Employment Disputes of the National Arbitration and Mediation ("NAM") or JAMS in the event that NAM declines to act. The agreement went on to provide in bold print that the Plaintiffs also agreed to waive all rights to arbitrate disputes on a class action and/or collective action basis.

Notwithstanding the Plaintiffs' agreement to arbitrate all disputes with Crystal Clear Communications allegedly arising under the Fair Labor Standards Act, Plaintiffs filed the instant complaint alleging violations of the FLSA.  The language

in the Arbitration Agreement is clear and unambiguous and requires the Plaintiffs' claims be submitted to binding arbitration. This Court should therefore compel this matter to arbitration and stay the civil proceedings until the arbitration process has been completed.

## MEMORANDUM OF LAW

### 1.    The FAA Requires Arbitration of Plaintiff's Claims.

As the United States Supreme Court reaffirmed in the landmark decision *AT&T Mobility LLC. v. Concepcion,* 131 S.Ct. 1740 (2011), the FAA reflects "a liberal federal policy favoring arbitration" and requires courts to compel the arbitration of any claims covered by an arbitration agreement in accordance with its terms. *Concepcion,* @ 1745; *see also Dean Witter Reynolds Inc. v. Byrd,* 470 U.S. 213, 218 (1985)("By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.") In *Epic Systems v. Lewis,* 584 U.S. ___ (2018) the Supreme Court held that clauses in an arbitration agreement requiring individual arbitration and barring collective arbitration were enforceable and did not violate s7 of the National Labor Relations Act.

Any written agreement to arbitrate "evidencing a transaction involving

3

commerce" is "valid, irrevocable, and enforceable" under the FAA "save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. §2; *see also Allied-Bruce Terminix Cos. v. Dobson,* 513 U.S. 265, 273-81 (1995)(holding that the term "involving commerce" was to be read as broadly as possible, such that an arbitration agreement which affects commerce in any way is governed by the FAA).   If the Plaintiffs decide to oppose the enforcement of the Arbitration Agreements that they signed, it will be Plaintiffs' burden to proffer evidence demonstrating that the agreement is unenforceable.   *Green Tree Fin. Corp. v. Randolph,* 531 U.S. 79, 91-92(2000); *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 26 (1991).

Pursuant to the FAA, a claim is arbitrable if the following three criteria are satisfied.  First, there must be a valid agreement to arbitrate.  *Mitsubishi Motors Corp. v. Soler Chrysler Plymouth Inc.,* 473 U.S. 614, 626 (1985); *Miller v. Drexel Burnhma Lambert Inc.,* 791 F.2d 850, 854 (11th Cir. 1986).  Second, the claim must fall within the scope of the arbitration agreement.  *Mitsubishi Motors Corp.,* 473 U.S. @ 626; *Kidd v. Equitable Life Assurance Society of the United States,* 32 F.3d 516, 518-20 (11th Cir. 1994).  Third, the claim, if a statutory claim, must not be one which the legislative body enacting it intended to be precluded from arbitration.  *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 26 (1991); *Mitsubishi Motors Corp.,* 473

4

U.S. at 627-28.

Because all three criteria are clearly satisfied in the instant case, this Court is required to issue an order compelling arbitration of Plaintiffs' claims.

### A.  The Mutual Agreement to Arbitrate is valid.

Pursuant to terms of the Arbitration Agreement, each Plaintiff ("Employee/Subcontractor"), Defendant Crystal Communications ("Contractor") and non-party Advanced Enterprises of Northwest Florida Inc.("Company") agreed:

> "to arbitrate any and all disputes, claims or controversies ("claim") that each could bring against one another which could be brought in a court arising out of related to Employee/Subcontractor's engagement or employment by Contractor.....includ[ing] but not limited to, claims which Employee/Subcontractor may attempt to bring under...the Fair Labor Standards Act."

Plaintiffs agreed to these terms when they signed the Dispute Resolution Agreement.  Thus there is a valid agreement to arbitrate between the parties.

### B.  Plaintiffs' claims are within the scope of their Arbitration Agreement.

In the Dispute Resolution Agreement, Plaintiffs agreed to arbitrate any claim, dispute or controversy against each other related to the Plaintiffs' engagement or employment by Contractor including claims brought under the FLSA.  The claims brought under the FLSA do not involve rights which the legislature did not intend to be subject to arbitration.  *See Caley v. Gulfstream Aerospace Corp.,* 428 F.3d 1359

5

(11th Cir. 2005); *Kidd v. Equitable Life Assurance Society of the United States,* 32 F.3d 516 (11th Cir. 1994); *Bender v. A.G. Edwards & Sons Inc.,* 971 F.2d 698, 700 (11th Cir. 1992). Accordingly because Plaintiffs claims are within the scope of the Arbitration Agreements and were not intended to be exempted from arbitration, those claims must be compelled to arbitration in accordance with the terms of that Agreement.

### C.    Plaintiffs have refused to engage with counsel for the Defendants effectively refusing to arbitrate their claims.

The final inquiry for the Court is whether Plaintiffs have refused to arbitrate their claims. "[A]n action to compel arbitration under the Federal Arbitration Act accrues only when the respondent unequivocally refuses to arbitrate, either by failing to comply with an arbitration demand or by otherwise unambiguously manifesting an intention not to arbitrate the subject matter of the dispute." *PaineWebber, Inc. v. Faragalli,* 61 F.3d 1063, 1066 (3rd Cir. 1995).

In this case, Plaintiffs have refused to arbitrate their claims by filing this federal court action, and by ignoring undersigned counsel's requests that they voluntarily dismiss this action and submit their claims to arbitration.

WHEREFORE, Defendants respectfully request that the Court enter an Order compelling arbitration of Plaintiffs' claims and staying these judicial proceedings.

In the unlikely event that the Court denies this Motion to Compel Arbitration and Stay Judicial Proceedings, then Defendants respectfully request that their response to the Complaint and the Statement of Claim be extended to 10 days after the date of such denial by the Court, and that any other Court deadlines be extended for the same period of time.

Dated September 11, 2019.                    Respectfully Submitted,

                                            By: */s/Anthony V. Falzon*
                                            Anthony V. Falzon
                                            (Fla. Bar No. 069167)
                                            tony@anthonyfalzon-law.com
                                            ANTHONY V. FALZON P.A.
                                            12000 Biscayne Boulevard
                                            Suite 702
                                            Miami, FL 33181
                                            Tel: (786) 703 4181
                                            Fax: (786) 703 2961

                                            *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on **September 11, 2019** I electronically filed the foregoing with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day to all counsel of record identified on the attached service list via transmission of Notices of Electronic Filing generated by CM/ECF.

                                            By:  */s/ Anthony V. Falzon*
                                            Anthony V. Falzon

**<u>SERVICE LIST</u>**

Elliott Kozolchyk Esq.
Fla. Bar No. 74791
Koz Law P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida
Tel: (786) 924 9929
Fax:(786)358 6071
E-mail: ekoz@kozlawfirm.com

*Attorney for the Plaintiffs*