## ADDENDUM I – DISPUTE RESOLUTION AGREEMENT

This Dispute Resolution Agreement ("Agreement") is entered into between Advanced Enterprises of Northwest Florida, Inc. ("Company") located at address 2183 W. Hwy 98, Mary Esther, FL 32569, Crystal Clear Communications ("Contractor"), whose address is 3126 binghampton lane Raleigh, NC 27604, and Cesar Pullas ("Employee/Subcontractor" of Contractor), whose address is 3658 nw 109 ct Doral Fl 33178.

WHEREAS, Employee/Subcontractor affirms and acknowledges that he/she is not an employee of Company; and

WHEREAS, Employee/Subcontractor affirms and acknowledges that Company is not liable or responsible to him/her for compensation or payment for any services performed; and

NOW THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby STIPULATED AND AGREED by and between the parties that the parties enter into this Dispute Resolution Agreement as follows:

1. **Agreement to Arbitrate**

   (a) This Dispute Resolution Agreement ("Dispute Resolution Agreement") is governed by the Federal Arbitration Act ("FAA"), to the fullest extent permitted by applicable law. If for any reason the FAA is deemed inapplicable, only then will the Dispute Resolution Agreement be governed by the applicable state arbitration statutes.

   (b) Except for the claims expressly excluded by this Dispute Resolution Agreement, Company, Contractor, and Employee/Subcontractor agree to arbitrate any and all disputes, claims, or controversies ("claim") that each could bring against one another which could be brought in a court arising out of or related to Employee/Subcontractor's engagement or employment by Contractor. Company, Contractor and Employee/Subcontractor agree to arbitrate any and all disputes arising under this Agreement, including any dispute concerning whether this Agreement or any aspect thereof is valid or enforceable. This Agreement includes, but is not limited to, claims which Employee/Subcontractor may attempt to bring under: the Age Discrimination in Employment Act; Title VII of the Civil Rights Act of 1964, as amended; the Fair Labor Standards Act; the Family and Medical Leave Act; the Americans with Disabilities Act of 1990; Section 1981 through 1988 of Title 42 of the United States Code; the Equal Pay Act of 1963; the Worker Adjustment and Retraining Notification Act; any federal, state or local laws, regulations or statutes regarding wage and hour laws and/or prohibiting employment discrimination (such as, without limitation, race, sex, national origin, ancestry, age, disability, religion, medical condition, marital status, sexual orientation, military status, public policy, or genetic information); harassment of any kind and retaliation of any kind; any alleged or actual agreement, contract or covenant (oral, written or implied); any public policy, including but not limited to, whistle blower or Business and Professions Code claims; or any other federal, state, or local law, ordinance or regulation, or claim based on any public policy, contract, tort, or common law or any claim for costs, fees, or other expenses or relief, including personal, emotional, physical or economic injuries, or attorney's fees. All claims must be timely and not time-barred by law; any claims that

could be raised before a court must be raised in a timely manner at the time of the arbitration; and the arbitrator shall apply the law regarding the applicable statute of limitations of claims accordingly.

(c) Claims not specifically covered by this Agreement are: (i) claims for workers' compensation benefits; (ii) claims for unemployment compensation benefits; (iii) claims based upon any current (successor or future) stock option plans, employee pension and/or welfare benefit plans if those plans contain some form of a grievance, arbitration, or other procedure for the resolution of disputes under the plan; and (iv) claims by law which are not subject to mandatory binding pre-dispute arbitration pursuant to the Federal Arbitration Act, such as claims under the Dodd-Frank Wall Street Reform Act.

(d) Further, this Dispute Resolution Agreement does not prohibit the filing of an administrative charge with any federal, state, or local administrative agency such as the National Labor Relations Board ("NLRB") or the Equal Employment Opportunity Commission ("EEOC"). However, upon receipt of a right to sue letter or similar administrative determination, Employee/Subcontractor's claim shall be subject to arbitration as defined herein.

(e) The parties agree to be mutually obligated to arbitrate all claims as set forth above. No remedies that otherwise might be available to Company, Contractor, or Employee/Subcontractor in a court of law, however, will be forfeited by virtue of this agreement to use and be bound by this Agreement.

(f) Company, Contractor, and Employee/Subcontractor have been given the opportunity to consult legal counsel concerning the decision to execute this Agreement.

2. **Class/Collective Action Waiver, Jury Waiver.** Company, Contractor, and Employee/Subcontractor each agree that all claims against the other must be pursued on an individual basis only. By signing this Agreement, including the Dispute Resolution Agreement, Employee/Subcontractor waives his/her right to commence, or be a party to, any class, representative or collective claims or to bring jointly with any other person or entity any claim against the Company and/or Contractor. The parties agree that those claims which must be submitted to individual arbitration include, but are not limited to, those arising under any federal, state, or local law, including those laws specifically identified in Section 1(b) of this Agreement. Company, Contractor, and Employee/Subcontractor **also agree by signing this Agreement to each waive their right to a jury trial with regard to all issues and disputes concerning their relationship with one another or arising under this Agreement.**

3. **Severability and Related Issues.** The arbitrator, and not any federal, state or local court or agency, shall have exclusive authority to resolve any dispute relating to the arbitrability, interpretation, applicability, enforceability or formation of this Agreement including, but not limited to any claim that all or any part of this Agreement is void or voidable. If an arbitrator finds any provision of this Agreement unenforceable, a court or arbitrator shall interpret or modify this Agreement, to the extent necessary, for it to be enforceable, subject to the provisions of this section. This Agreement shall be self-amending; meaning if by law or common law a provision is deemed unlawful or unenforceable that provision and the Agreement automatically, immediately and retroactively shall be amended, modified, and/or altered to be enforceable. The arbitrator shall

have no power under this Agreement to consolidate claims and/or to hear a collective or class action.

4. **The Arbitration Process.** The arbitration shall be arbitrated by a single arbitrator in accordance with the National Rules for the Resolution of Employment Disputes of the National Arbitration and Mediation ("NAM") except all arbitrators or members of the appeal panel (which is discussed below) must be members of the bar in good standing in the state in which the dispute arose. A copy of the NAM Rules for the Resolution of Employment Disputes is available for you to review at the Company, upon request. You may contact NAM to request a copy of these rules at 990 Stewart Avenue, Garden City, NY 11530, telephone no. (800) 358-2550, fax no. (516) 794-8518 or obtain them from NAM's website (www.namadr.com). If for whatever reason NAM declines to act as the neutral, the parties shall utilize JAMS (www.jamsadr.com) as the neutral for the arbitration/appeal and shall utilize its employment arbitration rules.

5. The arbitrator shall apply the Federal Rules of Civil Procedure, except for Rule 23, and the Federal Rules of Evidence as interpreted in the jurisdiction in which the arbitration is held. If a summary judgment motion is made by either party, the arbitrator must render a written and detailed opinion on that motion within sixty (60) calendar days of submission of all supporting and opposition papers. Any arbitration hearing shall be transcribed by a court reporter. The arbitrator shall provide the parties with a written and detailed reasoned decision and/or award following the conclusion of an arbitration hearing. The arbitrator's decision will be final and binding on all parties and will be subject to judicial review as permitted pursuant to Section 10 of the Federal Arbitration Act. If a court determines that the award is not completely enforceable, it shall be enforced and binding on both parties to the maximum extent permitted by law.

6. Any claim for arbitration will be timely only if brought within the time in which an administrative charge or complaint could have been filed if the claim is one which could be filed with an administrative agency. If the arbitration claim raises an issue which could not have been filed with an administrative agency, then the claim must be filed within the time set by the appropriate statute of limitation.

   (a)   Discovery shall be permitted in the arbitration that would otherwise be available in court, including but not limited to depositions, interrogatories, requests for documents and request for admissions. The arbitrator shall have the authority to limit the discovery but must allow discovery sufficient for the parties to adequately arbitrate their claims.

   (b)   The arbitrator shall issue a written award which shall be signed by the arbitrator and shall provide the essential findings and conclusions on which the award is based.

   (c)   The arbitrator shall have the power to award any type of legal or equitable relief available in a court of competent jurisdiction including, but not limited to, attorneys' fees, to the extent such damages are available under law. The arbitrator has no power to consolidate claims or adjudicate a collective/class and/or representative action.

   (d)   Because any arbitral award may be entered as a judgment or order in any court of competent jurisdiction, any relief or recovery to which any party may be entitled upon any claim shall be limited to that awarded by the arbitrator.

(e) Either Party may commence the arbitration process by filing a written demand for arbitration with NAM, and sending a copy by personal delivery or certified mail to the other party at the address listed for the party at the beginning of this Agreement.

(f) The arbitration shall be conducted within fifty (50) miles of Employee/Subcontractor's last place of performing services for the Company, unless Contractor and Company agree otherwise. The arbitrator shall be selected pursuant to NAM rules unless Contractor and Company agree otherwise and except as provided for in this Agreement. Nothing in this paragraph shall prohibit or limit any party from seeking injunctive relief in lieu of or in addition to arbitration at any time directly from a court of competent jurisdiction. The arbitrator cannot modify any of the provisions of this Agreement without express consent by all parties to the pending arbitration.

(g) The arbitrator's authority shall be limited to deciding the case submitted for arbitration. Therefore, no decision by any arbitrator shall serve as precedent in other arbitrations.

(h) The arbitrator shall apply the substantive law, including the conflicts of law, of the state in which the Employee/Subcontractor last performed services under the Agreement. For claims or defenses arising under or governed by federal law, the arbitrator shall follow the substantive law as set forth by the United States Supreme Court. If there is no controlling United States Supreme Court authority, the arbitrator shall follow the substantive law that would be applied by the United States Court of Appeals or the United States District Court for the district in which the Employee/Subcontractor last performed services under the Agreement.

(i) Neither the Parties nor the arbitrator may disclose the existence, content, or results of any arbitration without the prior written consent of all parties to the arbitration.

(j) The Company has access to legal representation through its internal and external lawyers. Contractor and Employee/Subcontractor may consult with a lawyer or any other adviser of their choice. Neither Contractor nor Employee/Subcontractor is required, however, to hire a lawyer or advisor to participate in arbitration.

7. **Provisions of Agreement Prevail.** To the extent any of the provisions herein conflict with any NAM or JAMS rules, the express provisions of this Agreement shall prevail.

8. **Consideration.** In addition to the consideration being a mutual agreement to arbitrate, the Company agrees to reimburse Employee/Subcontractor for the administrative filing fees the NAM/JAMS may impose on him/her to initiate arbitration against Company. In the event Employee/Subcontractor initiates arbitration against Contractor, Contractor will reimburse Employee/Subcontractor for the administrative filing fees imposed for initiating arbitration against Contractor. As further consideration, the Company agrees to pay the fees charged by the arbitrator for his or her services related to arbitration between Employee/Subcontractor and Company. Likewise, Contractor agrees to pay the fees charged by the arbitrator for his or her services related to arbitration between Employee/Subcontractor and Contractor. In the event arbitration is initiated between all three parties, the costs of arbitration shall be borne equally between Contractor and Company. It is also agreed that Employee/Subcontractor's continued relationship with Contractor subsequent to this Agreement's implementation shall constitute consideration for this Agreement.

The parties agree that the consideration set forth in this paragraph is wholly adequate to support this Agreement.

THE PARTIES ACKNOWLEDGE THAT BY SIGNING THIS DISPUTE RESOLUTION AGREEMENT, EACH IS WAIVING ALL RIGHTS TO ARBITRATE DISPUTES ON A CLASS ACTION AND/OR COLLECTIVE ACTION BASIS. BOTH PARTIES ACKNOWLEDGE THAT THEY HAVE READ AND UNDERSTAND THIS AGREEMENT, HAVE BEEN GIVEN AN OPPORTUNITY TO CONSULT WITH LEGAL COUNSEL, AND THAT THEY INTEND TO BE LEGALLY BOUND BY THE TERMS AND CONDITIONS OF THIS AGREEMENT.

IN WITNESS WHEREOF, Contractor and Company have executed this Agreement:

Advanced Enterprises of Northwest Florida, Inc.

Date: _____

Signature: _____

Print: _____

Title: _____

Contractor Name (Print)
Crystal Clear Communications

Date: November 28, 2016

Signature: _____

Print: Stephen McKenzie

Title: Owner

___Cesar Pullas___
Employee/Subcontractor Name (Print)

Date: 04/19/2018

Signature: _____

## ADDENDUM I – DISPUTE RESOLUTION AGREEMENT

This Dispute Resolution Agreement ("Agreement") is entered into between Advanced Enterprises of Northwest Florida, Inc. ("Company") located at address 2183 W. Hwy 98, Mary Esther, FL 32569, CrystalClearCommunications ("Contractor"), whose address is 3126binghamptonlaneRaleigh,NC27604, and Alfredo Bonner ("Employee/Subcontractor" of Contractor), whose address is 14084 SW 96th Ter Miami, FL 32175.

WHEREAS, Employee/Subcontractor affirms and acknowledges that he/she is not an employee of Company; and

WHEREAS, Employee/Subcontractor affirms and acknowledges that Company is not liable or responsible to him/her for compensation or payment for any services performed; and

NOW THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby STIPULATED AND AGREED by and between the parties that the parties enter into this Dispute Resolution Agreement as follows:

1. **Agreement to Arbitrate**

(a) This Dispute Resolution Agreement ("Dispute Resolution Agreement") is governed by the Federal Arbitration Act ("FAA"), to the fullest extent permitted by applicable law. If for any reason the FAA is deemed inapplicable, only then will the Dispute Resolution Agreement be governed by the applicable state arbitration statutes.

(b) Except for the claims expressly excluded by this Dispute Resolution Agreement, Company, Contractor, and Employee/Subcontractor agree to arbitrate any and all disputes, claims, or controversies ("claim") that each could bring against one another which could be brought in a court arising out of or related to Employee/Subcontractor's engagement or employment by Contractor. Company, Contractor and Employee/Subcontractor agree to arbitrate any and all disputes arising under this Agreement, including any dispute concerning whether this Agreement or any aspect thereof is valid or enforceable. This Agreement includes, but is not limited to, claims which Employee/Subcontractor may attempt to bring under: the Age Discrimination in Employment Act; Title VII of the Civil Rights Act of 1964, as amended; the Fair Labor Standards Act; the Family and Medical Leave Act; the Americans with Disabilities Act of 1990; Section 1981 through 1988 of Title 42 of the United States Code; the Equal Pay Act of 1963; the Worker Adjustment and Retraining Notification Act; any federal, state or local laws, regulations, or statutes regarding wage and hour laws and/or prohibiting employment discrimination (such as, without limitation, race, sex, national origin, ancestry, age, disability, religion, medical condition, marital status, sexual orientation, military status, public policy, or genetic information), harassment of any kind and retaliation of any kind; any alleged or actual agreement, contract or covenant (oral, written or implied); any public policy, including but not limited to, whistle blower or Business and Professions Code claims; or any other federal, state, or local law, ordinance or regulation, or claim based on any public policy, contract, tort, or common law or any claim for costs, fees, or other expenses or relief, including personal, emotional, physical or economic injuries, or attorney's fees. All claims must be timely and not time-barred by law; any claims that

The parties agree that the consideration set forth in this paragraph is wholly adequate to support this Agreement.

THE PARTIES ACKNOWLEDGE THAT BY SIGNING THIS DISPUTE RESOLUTION AGREEMENT, EACH IS WAIVING ALL RIGHTS TO ARBITRATE DISPUTES ON A CLASS ACTION AND/OR COLLECTIVE ACTION BASIS. BOTH PARTIES ACKNOWLEDGE THAT THEY HAVE READ AND UNDERSTAND THIS AGREEMENT, HAVE BEEN GIVEN AN OPPORTUNITY TO CONSULT WITH LEGAL COUNSEL, AND THAT THEY INTEND TO BE LEGALLY BOUND BY THE TERMS AND CONDITIONS OF THIS AGREEMENT.

IN WITNESS WHEREOF, Contractor and Company have executed this Agreement:

Advanced Enterprises of Northwest Florida, Inc.

Date: _____

Signature: _____

Print: _____

Title: _____

Contractor Name (Print): CrystalClearCommunications

Date: November 28, 2016

Signature: [signature]

Print: Stephen McKenzie

Title: Owner

Employee/Subcontractor Name (Print): Alfredo Bonnet

Date: 03/11/19

Signature: [signature]

35                                                                                                                    8.25.14

## ADDENDUM I – DISPUTE RESOLUTION AGREEMENT

This Dispute Resolution Agreement ("Agreement") is entered into between Advanced Enterprises of Northwest Florida, Inc. ("Company") located at address 2183 W. Hwy 98, Mary Esther, FL 32569, CrystalClearCommunications ("Contractor"), whose address is 3126binghamptonlaneRaleigh,NC27604, and Francisco Bonnet ("Employee/Subcontractor" of Contractor), whose address is 10235 Southwest 24th Street, APT C454, Miami, Florida 33165.

WHEREAS, Employee/Subcontractor affirms and acknowledges that he/she is not an employee of Company; and

WHEREAS, Employee/Subcontractor affirms and acknowledges that Company is not liable or responsible to him/her for compensation or payment for any services performed; and

NOW THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby STIPULATED AND AGREED by and between the parties that the parties enter into this Dispute Resolution Agreement as follows:

1. **Agreement to Arbitrate**

    (a) This Dispute Resolution Agreement ("Dispute Resolution Agreement") is governed by the Federal Arbitration Act ("FAA"), to the fullest extent permitted by applicable law. If for any reason the FAA is deemed inapplicable, only then will the Dispute Resolution Agreement be governed by the applicable state arbitration statutes.

    (b) Except for the claims expressly excluded by this Dispute Resolution Agreement, Company, Contractor, and Employee/Subcontractor agree to arbitrate any and all disputes, claims, or controversies ("claim") that each could bring against one another which could be brought in a court arising out of or related to Employee/Subcontractor's engagement or employment by Contractor. Company, Contractor and Employee/Subcontractor agree to arbitrate any and all disputes arising under this Agreement, including any dispute concerning whether this Agreement or any aspect thereof is valid or enforceable. This Agreement includes, but is not limited to, claims which Employee/Subcontractor may attempt to bring under: the Age Discrimination in Employment Act; Title VII of the Civil Rights Act of 1964, as amended; the Fair Labor Standards Act; the Family and Medical Leave Act; the Americans with Disabilities Act of 1990; Section 1981 through 1988 of Title 42 of the United States Code; the Equal Pay Act of 1963; the Worker Adjustment and Retraining Notification Act; any federal, state or local laws, regulations, or statutes regarding wage and hour laws and/or prohibiting employment discrimination (such as, without limitation, race, sex, national origin, ancestry, age, disability, religion, medical condition, marital status, sexual orientation, military status, public policy, or genetic information), harassment of any kind and **retaliation of any kind; any alleged or actual agreement,** contract or covenant (oral, written or implied); any public policy, including but not limited to, whistle blower or Business and Professions Code claims; or any other federal, state, or local law, ordinance or regulation, or claim based on any public policy, contract, tort, or common law or any claim for costs, fees, or other expenses or relief, including personal, emotional, physical or economic injuries, or attorney's fees. All claims must be timely and not time-barred by law; any claims that

31                                                                                                                          8.25.14

The parties agree that the consideration set forth in this paragraph is wholly adequate to support this Agreement.

THE PARTIES ACKNOWLEDGE THAT BY SIGNING THIS DISPUTE RESOLUTION AGREEMENT, EACH IS WAIVING ALL RIGHTS TO ARBITRATE DISPUTES ON A CLASS ACTION AND/OR COLLECTIVE ACTION BASIS. BOTH PARTIES ACKNOWLEDGE THAT THEY HAVE READ AND UNDERSTAND THIS AGREEMENT, HAVE BEEN GIVEN AN OPPORTUNITY TO CONSULT WITH LEGAL COUNSEL, AND THAT THEY INTEND TO BE LEGALLY BOUND BY THE TERMS AND CONDITIONS OF THIS AGREEMENT.

IN WITNESS WHEREOF, Contractor and Company have executed this Agreement:

Advanced Enterprises of Northwest Florida, Inc.

Contractor Name (Print): CrystalClearCommunications

Date: _____

Date: November 28, 2016

Signature: _____

Signature: [signed]

Print: _____

Print: Stephen McKenzie

Title: _____

Title: Owner

Employee/Subcontractor Name (Print): Francisco Bonnet

Date: 01/29/2019

Signature: [signed]

35

8.25.14

## ADDENDUM I – DISPUTE RESOLUTION AGREEMENT

This Dispute Resolution Agreement ("Agreement") is entered into between Advanced Enterprises of Northwest Florida, Inc. ("Company") located at address 2183 W. Hwy 98, Mary Esther, FL 32569, __CrystalClearCommunications__ ("Contractor"), whose address is __3126 binghamton lane Raleigh, NC 27604__, and BARTOLOME EUMIR RUGNIERO ("Employee/Subcontractor" of Contractor), whose address is 9108 SW 227 TH ST #7 MIAMI FL 33190.

WHEREAS, Employee/Subcontractor affirms and acknowledges that he/she is not an employee of Company; and

WHEREAS, Employee/Subcontractor affirms and acknowledges that Company is not liable or responsible to him/her for compensation or payment for any services performed; and

NOW THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby STIPULATED AND AGREED by and between the parties that the parties enter into this Dispute Resolution Agreement as follows:

1. **Agreement to Arbitrate**

    (a) This Dispute Resolution Agreement ("Dispute Resolution Agreement") is governed by the Federal Arbitration Act ("FAA"), to the fullest extent permitted by applicable law. If for any reason the FAA is deemed inapplicable, only then will the Dispute Resolution Agreement be governed by the applicable state arbitration statutes.

    (b) Except for the claims expressly excluded by this Dispute Resolution Agreement, Company, Contractor, and Employee/Subcontractor agree to arbitrate any and all disputes, claims, or controversies ("claim") that each could bring against one another which could be brought in a court arising out of or related to Employee/Subcontractor's engagement or employment by Contractor. Company, Contractor and Employee/Subcontractor agree to arbitrate any and all disputes arising under this Agreement, including any dispute concerning whether this Agreement or any aspect thereof is valid or enforceable. This Agreement includes, but is not limited to, claims which Employee/Subcontractor may attempt to bring under: the Age Discrimination in Employment Act; Title VII of the Civil Rights Act of 1964, as amended; the Fair Labor Standards Act; the Family and Medical Leave Act; the Americans with Disabilities Act of 1990; Section 1981 through 1988 of Title 42 of the United States Code; the Equal Pay Act of 1963; the Worker Adjustment and Retraining Notification Act; any federal, state or local laws, regulations, or statutes regarding wage and hour laws and/or prohibiting employment discrimination (such as, without limitation, race, sex, national origin, ancestry, age, disability, religion, medical condition, marital status, sexual orientation, military status, public policy, or genetic information), harassment of any kind and retaliation of any kind; any alleged or actual agreement, contract or covenant (oral, written or implied); any public policy, including but not limited to, whistle blower or Business and Professions Code claims; or any other federal, state, or local law, ordinance or regulation, or claim based on any public policy, contract, tort, or common law or any claim for costs, fees, or other expenses or relief, including personal, emotional, physical or economic injuries, or attorney's fees. All claims must be timely and not time-barred by law; any claims that

31

8.25.14

The parties agree that the consideration set forth in this paragraph is wholly adequate to support this Agreement.

THE PARTIES ACKNOWLEDGE THAT BY SIGNING THIS DISPUTE RESOLUTION AGREEMENT, EACH IS WAIVING ALL RIGHTS TO ARBITRATE DISPUTES ON A CLASS ACTION AND/OR COLLECTIVE ACTION BASIS. BOTH PARTIES ACKNOWLEDGE THAT THEY HAVE READ AND UNDERSTAND THIS AGREEMENT, HAVE BEEN GIVEN AN OPPORTUNITY TO CONSULT WITH LEGAL COUNSEL, AND THAT THEY INTEND TO BE LEGALLY BOUND BY THE TERMS AND CONDITIONS OF THIS AGREEMENT.

IN WITNESS WHEREOF, Contractor and Company have executed this Agreement:

Advanced Enterprises of Northwest Florida, Inc.

Date: _____

Signature: _____

Print: _____

Title: _____

Contractor Name (Print)
_____CrystalClearCommunications_____

Date: _____November 28, 2016_____

Signature: _____[signature]_____

Print: _____Stephen McKenzie_____

Title: _____Owner_____

BARTOLOMÉ EUMIR RUGGIERO
Employee/Subcontractor Name (Print)

Date: 01/30/2019

Signature: [signature]

35

8.25.14

## ADDENDUM I – DISPUTE RESOLUTION AGREEMENT

This Dispute Resolution Agreement ("Agreement") is entered into between Advanced Enterprises of Northwest Florida, Inc. ("Company") located at address 2183 W. Hwy 98, Mary Esther, FL 32569, CrystalClearCommunications ("Contractor"), whose address is 3126binghamptonlaneRaleigh,NC27604, and MOISES MORENO ("Employee/Subcontractor" of Contractor), whose address is 7846 NW 116 Ave Doral FL 33178.

WHEREAS, Employee/Subcontractor affirms and acknowledges that he/she is not an employee of Company; and

WHEREAS, Employee/Subcontractor affirms and acknowledges that Company is not liable or responsible to him/her for compensation or payment for any services performed; and

NOW THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby STIPULATED AND AGREED by and between the parties that the parties enter into this Dispute Resolution Agreement as follows:

1. **Agreement to Arbitrate**

   (a) This Dispute Resolution Agreement ("Dispute Resolution Agreement") is governed by the Federal Arbitration Act ("FAA"), to the fullest extent permitted by applicable law. If for any reason the FAA is deemed inapplicable, only then will the Dispute Resolution Agreement be governed by the applicable state arbitration statutes.

   (b) Except for the claims expressly excluded by this Dispute Resolution Agreement, Company, Contractor, and Employee/Subcontractor agree to arbitrate any and all disputes, claims, or controversies ("claim") that each could bring against one another which could be brought in a court arising out of or related to Employee/Subcontractor's engagement or employment by Contractor. Company, Contractor and Employee/Subcontractor agree to arbitrate any and all disputes arising under this Agreement, including any dispute concerning whether this Agreement or any aspect thereof is valid or enforceable. This Agreement includes, but is not limited to, claims which Employee/Subcontractor may attempt to bring under: the Age Discrimination in Employment Act; Title VII of the Civil Rights Act of 1964, as amended; the Fair Labor Standards Act; the Family and Medical Leave Act; the Americans with Disabilities Act of 1990; Section 1981 through 1988 of Title 42 of the United States Code; the Equal Pay Act of 1963; the Worker Adjustment and Retraining Notification Act; any federal, state or local laws, regulations, or statutes regarding wage and hour laws and/or prohibiting employment discrimination (such as, without limitation, race, sex, national origin, ancestry, age, disability, religion, medical condition, marital status, sexual orientation, military status, public policy, or genetic information), harassment of any kind and retaliation of any kind; any alleged or actual agreement, contract or covenant (oral, written or implied); any public policy, including but not limited to, whistle blower or Business and Professions Code claims; or any other federal, state, or local law, ordinance or regulation, or claim based on any public policy, contract, tort, or common law or any claim for costs, fees, or other expenses or relief, including personal, emotional, physical or economic injuries, or attorney's fees. All claims must be timely and not time-barred by law; any claims that

31

8.25.14

The parties agree that the consideration set forth in this paragraph is wholly adequate to support this Agreement.

THE PARTIES ACKNOWLEDGE THAT BY SIGNING THIS DISPUTE RESOLUTION AGREEMENT, EACH IS WAIVING ALL RIGHTS TO ARBITRATE DISPUTES ON A CLASS ACTION AND/OR COLLECTIVE ACTION BASIS. BOTH PARTIES ACKNOWLEDGE THAT THEY HAVE READ AND UNDERSTAND THIS AGREEMENT, HAVE BEEN GIVEN AN OPPORTUNITY TO CONSULT WITH LEGAL COUNSEL, AND THAT THEY INTEND TO BE LEGALLY BOUND BY THE TERMS AND CONDITIONS OF THIS AGREEMENT.

IN WITNESS WHEREOF, Contractor and Company have executed this Agreement:

Advanced Enterprises of Northwest Florida, Inc.

Date: _____

Signature: _____

Print: _____

Title: _____

Contractor Name (Print)
CrystalClearCommunications

Date: November 28, 2016

Signature: _____

Print: Stephen McKenzie

Title: Owner

MOISES MORENO
Employee/Subcontractor Name (Print)

Date: 01/29/2019

Signature: _____

35

8.25.14